TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Brian Weinberger*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Weinberger, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware limited liability company, and Payment Solutions, Inc., d/b/a Card Gard, a California corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

NOW COMES THE PLAINTIFF, BRIAN WEINBERGER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331, 1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Paradise Valley, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), which is an Delaware company that maintains a registered agent in Maricopa County, Arizona; and

   b. Payment Solutions, Inc. d/b/a Card Gard ("Card Gard"), which is a California company that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. Card Gard is reporting its trade line with account number 13014700012**** ("Bogus Trade Line") on Plaintiff's Trans Union credit file regarding a debt allegedly owed to San Tan Hyundai, Inc.

6. The alleged debt was included in Plaintiff's Chapter 7 Bankruptcy, which was filed on October 1, 2012, and discharged in June 2013.

7. On or about April 14, 2015, Mr. Weinberger obtained his Trans Union, Equifax, and Experian credit files and discovered the Bogus Trade Line.

8. On or about April 21, 2015, Mr. Weinberger submitted a letter to Defendant Trans Union, disputing the Bogus Trade Line.

9. Upon information and belief, Defendant Trans Union forwarded Mr. Weinberger's dispute to Defendant Card Gard.

10. On or about May 21, 2015, Mr. Weinberger received Trans Union's investigation results, which showed that Card Gard retained the Bogus Trade Line with a balance of $500.00.

11. Moreover, Card Gard failed to indicate that the Bogus Trade Line was disputed, in violation of the FDCPA.

# COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY CARD GARD

12. Plaintiff re-alleges the above paragraphs as if recited verbatim.

13. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Plaintiff is a "Consumer" pursuant to the FDCPA, and the account at issue is a consumer debt.

15. Defendant Card Gard is a "debt collector" pursuant to the FDCPA, 15 U.S.C. §1692a(6).

16. Defendant's foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is know or which should be known to be false, including the failure to communicate that a dispute debt is disputed. Card Gard did this when it placed the trade line on Mr. Weinberger's Trans Union credit file without reporting the word "disputed."

  b. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt.  Mr. Weinberger does not owe the alleged debt as it was included in his bankruptcy filing.

17. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE**, **PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CARD GARD

18. Plaintiff re-alleges the above paragraphs as if recited verbatim.

19. After being informed by Trans Union of the Plaintiff's consumer dispute regarding the Bogus Trade Line, Card Gard negligently failed to conduct a proper reinvestigation of the Mr. Weinberger's dispute as required by 15 USC 1681s-2(b).

20. Card Gard negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Trans Union to remove the Bogus Trade Line from Mr. Weinberger's credit file.

21. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Weinberger's consumer credit file with Trans Union, to which it is reporting such trade line.

22. As a direct and proximate cause of Card Gard's negligent failure to perform its duties under the FCRA, Mr. Weinberger has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Card Gard is liable to Mr. Weinberger by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Mr. Weinberger has a private right of action to assert claims against Card Gard arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Card Gard for damages, costs, interest, and attorneys' fees.

## COUNT III

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CARD GARD**

25. Plaintiff re-alleges the above paragraphs as if recited verbatim.

26. After being informed by Trans Union that Mr. Weinberger disputed the accuracy of the information it was providing, Card Gard willfully failed to conduct a proper reinvestigation of Mr. Weinberger's dispute.

27. Card Gard willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Card Gard's willful failure to perform its respective duties under the FCRA, Mr. Weinberger has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Card Gard is liable to Mr. Weinberger for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Card Gard for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IV

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

30. Plaintiff re-alleges the above paragraphs as if recited verbatim.

31. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Weinberger as that term is defined in 15 USC 1681a.

7

32. Such reports contained information about Mr. Weinberger that was false, misleading, and inaccurate.

33. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Weinberger, in violation of 15 USC 1681e(b).

34. After receiving Mr. Weinberger's consumer dispute to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Weinberger has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Trans Union is liable to Mr. Weinberger by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT V

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

37. Plaintiff re-alleges the above paragraphs as if recited verbatim.

38. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Weinberger as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Weinberger, in violation of 15 USC 1681e(b).

41. After receiving Mr. Weinberger's consumer dispute to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Weinberger has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Trans Union is liable to Mr. Weinberger by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendants:

a. Actual Damages;

b. Statutory Damages; and

c. Statutory Costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 18, 2015				KENT LAW OFFICES

					By: _/s/  Trinette G. Kent_
					Trinette G. Kent
					Attorneys for Plaintiff,
					Brian Weinberger